| | |
|---|---|
| DANNY SANTARONE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 2:20-CV-77-TAV-CRW |
| | ) |
| WARDEN JAMES HOLLOWAY, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

On Saturday, July 11, 2016, Petitioner was expecting FedEx to deliver a package to him by noon. *State v. Santarone*, No. E2014-01551-CCA-R3-CD, 2015 WL 5766684, at *1 (Tenn. Crim. App. Oct. 1, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016) ("*Santarone I*"). When the package did not arrive as expected, Petitioner called his local FedEx location to inquire about it, at which time a FedEx employee told Petitioner that FedEx could not deliver the package that day and, if he needed it that day, he could come pick it up. *Id.* Petitioner insisted on picking up the package that day, and the FedEx employee provided Petitioner directions to the FedEx facility. *Id.*

However, unbeknownst to Petitioner, the FedEx package addressed to him had come open at some point during transport, and a manager of his local FedEx location had discovered that the package appeared to contain controlled substances and alerted the police. *Id.* Accordingly, when Petitioner went to that FedEx location to pick up the package with his daughter, one police officer was parked near the FedEx store to surveille the building, and other officers had stationed themselves on the two routes that Petitioner

could take to leave the store [Doc. 14-2 p. 57–69; Doc. 14-3 p. 49–56]. *Id.* When Petitioner left FedEx, he went in the direction of the airport, and when the officer stationed on that route saw Petitioner's car, he immediately turned on his lights to pull Petitioner over, but Petitioner "traveled up 75 further than you would expect someone to travel that's being stopped" before pulling over at a location that was within one-thousand feet of Holston Elementary school [Doc. 14-2 p. 51, 58–63, 67–68, 86–89; Doc. 14-3 p. 56–57]. *Id.*

When police searched Petitioner's car after pulling him over in the school zone, they located the FedEx package, which an agent of the Tennessee Bureau of Investigation determined contained 110 tablets of dihydrocodeinone, 1.3 grams of cocaine, .14 grams of heroin, and 43 tablets of oxycodone. *Id.* Police also located a prescription bottle for oxycodone with Petitioner's wife's name on the label that contained 59 and a half tablets of hydromorphone, a Tylenol bottle containing 33 tablets of oxycodone, and an ibuprofen bottle containing 69 tablets of a different brand of oxycodone. *Id.*

Based on this incident and other evidence presented at Petitioner's trial, a Sullivan County, Tennessee jury convicted Petitioner of possession of dihydrocodeinone, oxycodone, .5 grams or more of cocaine, and heroine, with the intent to sell or deliver. *Santarone I*, at *4. Pursuant to Tenn. Code Ann. § 39-17-432, Petitioner received an enhanced sentence of twenty-five years because this possession occurred within one-thousand feet a school. *Id.* at *5.

Now before the Court is Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging these convictions and his sentence in which he

2

asserts twelve claims for ineffective assistance of counsel [Doc. 1 p. 9–10]. Respondent filed a response in opposition [Doc. 17], as well as the state record [Doc. 14]. After reviewing the relevant filings, including the state court record, the Court finds that the record establishes that Petitioner is not entitled to relief under § 2254. Accordingly, no evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**.

I.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq.*, a district court may not grant habeas corpus relief for a claim that a state court decided on the merits unless the state court's adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). When evaluating the evidence presented in State court, a federal habeas court presumes the correctness of the State court's factual findings

unless the petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**II. ANALYSIS**

**A. Standard**

As set forth above, Petitioner has only raised claims for ineffective assistance of counsel in his § 2254 petition. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. A petitioner has the burden of proving ineffective assistance of his counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466

4

U.S. at 688. To meet this prong, a petitioner must demonstrate that his counsel was so deficient that he no longer "function[ed] as the 'counsel' guaranteed under the Sixth Amendment." *Id.* at 687. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Id.* at 687. Moreover, a habeas petitioner alleging ineffective assistance of counsel bears a heavy burden, given the "doubly deferential" review of a such a claim under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

B. **Exhaustion**

After the Tennessee Court of Criminal Appeals ("TCCA") affirmed his convictions on direct appeal, *Santarone I*, at *9, Petitioner filed a petition for post-conviction relief [Doc. 14-16 p. 3–7, 9–13], which the court denied [*Id.* at 26–37]. When he appealed this denial to the TCCA, Petitioner raised the following claims: (1) counsel was ineffective for

5

failing to investigate his case by obtaining phone records and locating potential witnesses; (2) counsel was ineffective for failing to file a motion to suppress evidence from the search and seizure; (3) counsel was ineffective for withdrawing the defense of entrapment; and (4) counsel was ineffective for failing to file a pretrial motion to suppress the testimony of his daughter [Doc. 14-19 p. 11–14]. The TCCA affirmed the denial of these claims. *Santarone v. State*, No. E2018-01312-CCA-R3-PC, 2019 WL 6487419, at *11 (Tenn. Crim. App. Dec. 7, 2019), *perm. app. denied* (Tenn. April 16, 2020) ("*Santarone II*").

Now, in his § 2254 petition, Petitioner sets forth twelve separate ineffective assistance of counsel claims that the Court consolidates into the following five categories:

(1) Trial counsel was ineffective for not interviewing the officers who arrested Petitioner about their intent to stop him in a school zone prior to trial and for not presenting such evidence at trial [Doc. 1 p. 9–10 (claims 1, 2, 3 and 5)];

(2) Trial counsel was ineffective for failing to investigate, pursue, and raise an entrapment defense to the sentencing enhancement arising from Petitioner's possession of the controlled substances in a school zone [*Id.* at 10 (claim 4)];

(3) Trial counsel should have argued that there was no evidence that Petitioner intended to sell or deliver controlled substances in a school zone in a pretrial motion to dismiss the indictment, pretrial motion to dismiss the charges, and motion for directed verdict [*Id.* at 10 (claims 6, 8, and 9)];

(4) Trial counsel should have challenged the constitutionality of all of the statutes under which Petitioner was charged prior to trial as being overly broad and should have challenged the statute under which the trial court enhanced his sentence as facially invalid and unconstitutional as applied to Petitioner, both prior to and after trial [*Id.* (claims 7 and 12); and

(5) Trial counsel was ineffective for failing to enter into meaningful plea negotiations and in failing to advise Petitioner to accept the state's plea offer of eight years served at eighty-five percent [*Id.* (claims 10 and 11)].

6

Accordingly, Petitioner did not present all of his claims for § 2254 relief to the TCCA. However, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires the prisoner to "fairly present" each federal claim to all levels of the state appellate system by presenting the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where a petitioner no longer "has the right under the law" to properly exhaust a claim with the state courts, the claim is technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(c); *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) ("when a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the claim is technically exhausted, yet procedurally defaulted"); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period) and § 40-30-102(c) ("one petition" rule).

"Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). Thus, a prisoner's procedural default of a claim forecloses federal habeas review unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice from the constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

7

Where a habeas petitioner could raise a claim for trial counsel's ineffective assistance for the first time in a post-conviction petition, ineffective assistance of post-conviction counsel may be "cause" to excuse a procedural default of a substantial ineffective assistance of counsel claim. *Trevino v. Thaler*, 133 S.Ct. 1911, 1918–21 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012); *Wallace v. Sexton*, 570 F. App'x 443, 452–53 (6th Cir. 2014). This exception, commonly referred to as the *Martinez* exception, applies in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014). To successfully invoke the *Martinez* exception, a petitioner "must still demonstrate that the ineffectiveness of his post-conviction counsel was the 'cause' of his default." *Hugueley v. Mays*, 964 F.3d 489, 498–99 (6th Cir. 2020) (quoting *Trevino*, 569 U.S. at 423).

In his § 2254 petition, Petitioner does not allege or set forth any facts suggesting that his post-conviction counsel was ineffective for failing to raise the ineffective assistance of counsel claims he raises in his § 2254 petition but did not present to the TCCA, as he must do for the *Martinez* exception to apply. Nor does he set forth any other reason the Court should excuse his procedural default of any claims. Moreover, while Respondent pointed out these omissions in his response [Doc. 17 p. 19, 24, 25, 26], Petitioner did not then amend his petition or file a reply.

Accordingly, Petitioner has not presented the Court with grounds to excuse his procedural default of the ineffective assistance of counsel claims he did not raise with the TCCA but asserts in his § 2254 petition, and the Court will only address the claim for § 2254 relief that Petitioner exhausted with the TCCA, specifically his claim that trial

counsel was ineffective for withdrawing the defense of entrapment at trial [Doc. 1 p. 10; Doc. 14-19 p. 12–13].

C. **Entrapment**

As set forth above, the trial court enhanced Petitioner's sentence for possession of the controlled substances with intent to sell or deliver because this possession occurred within one-thousand feet of a school pursuant to Tenn. Code Ann. § 39-17-432. *Santarone I*, at *4–5. Prior to Petitioner's trial, his counsel gave notice that he intended to assert the defense of entrapment at trial but asked the trial court to remove that jury instruction after deciding the evidence did not support it. *Santarone II,* at *10.

In its opinion affirming the denial of Petitioner's petition for post-conviction relief, the TCCA rejected Petitioner's claim that counsel was ineffective for withdrawing the defense of entrapment at trial, finding that counsel's decision to withdraw this defense was not deficient representation and that Petitioner had not presented any evidence that the entrapment defense would have been successful at his trial. *Id.* at *10. The record fully supports this holding, as it establishes that Petitioner's counsel made the strategic decision not to assert the entrapment defense at trial after determining that the evidence did not support such a defense [Doc. 14-17 p. 52–54]. This type of strategic decision does not entitle Petitioner to § 2254 relief, s*ee Strickland*, 466 U.S. at 690–91 (noting that counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"), especially where, as here, the record supports counsel's decision.

Specifically, as set forth above, the evidence at Petitioner's trial showed that one officer parked near the FedEx store to surveille the building while Petitioner picked up his package, and other officers stationed themselves on the two routes that Petitioner could take to leave FedEx. Petitioner went in the direction of the airport when he left FedEx, and while the officer stationed on that route immediately turned on his lights to pull Petitioner over when he saw Petitioner's car, Petitioner did not immediately pull over, but instead drove for an unspecified period of time. However, when Petitioner did pull over, it was at a location that was within one-thousand feet of a school.

This evidence does not support Petitioner's theory that police intentionally stopped him in the school zone, much less that police induced or persuaded him to bring the controlled substances into a school zone when he was unwilling and not predisposed to do so, as Petitioner would have had to establish to successfully invoke the entrapment defense to the school zone sentencing enhancement under Tennessee law. Tenn. Code Ann. § 39-11-505 (providing that "[i]t is a defense to prosecution that law enforcement officials, acting either directly or through an agent, induced or persuaded an otherwise unwilling person to commit an unlawful act when the person was not predisposed to do so"). Moreover, Petitioner has not cited, and the Court has not found, any other evidence suggesting that the entrapment defense would have been successful in his case.

Accordingly, Petitioner is not entitled to relief for this claim under § 2254.

## III. CONCLUSION

For the reasons set forth above, the petition for habeas corpus relief under § 2254 will be **DENIED** and this action will be **DISMISSED**.

## IV. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could not conclude that Petitioner has made a substantial showing of a denial of a constitutional right for his ineffective assistance of counsel claim arising out of the entrapment defense. Moreover, jurists of reason would not disagree with the Court's finding that Petitioner procedurally defaulted the remaining claims that he did not

11

present to the TCCA. Accordingly, a **COA SHALL NOT ISSUE.** Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE